UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WAQAS N. BUTT, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>9W HALO WESTERN OPCO, L.P., a Delaware limited liability company doing business as ANGELICA TEXTILE SERVICES; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:22-cv-02012 WBS AC<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO CONSOLIDATE |

----oo0oo----

Plaintiff Waqas N. Butt initiated this action against defendant 9W Halo Western Opco, L.P., doing business as Angelica Textile Services, under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699.  (See Compl. (Docket No. 1-2).) Defendant removed the action to this court from the Sacramento County Superior Court.  (Docket No. 1.)  Defendant moved to consolidate this matter with Butt v. 9W Halo Western Opco, L.P.,

1

1  No. 2:22-cv-01446 WBS AC. (Docket No. 15.)  Plaintiff now moves
2  to remand.  (Docket No. 18.)

I.   Discussion[1]

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009).

   A.   Federal Question Jurisdiction

Federal courts have original jurisdiction over actions arising under federal law.  28 U.S.C. § 1331.  Defendant argues that there is a federal question under the Labor Management Relations Act, 29 U.S.C. § 185, because plaintiff was subject to a collective bargaining agreement ("CBA").  Defendant raises this argument for the first time in its opposition brief.  (See Def.'s Opp'n (Docket No. 19) at 7.)

"[T]he defendant must state the basis for removal jurisdiction in the petition for removal." O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 (9th Cir. 1988).  "A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint." ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000).  The notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." Id. (internal quotation marks omitted).

---

[1]   Pursuant to Local Rule 230(g), the court finds it would not benefit from oral argument and accordingly takes the motion under submission upon the record and briefs.

The court therefore declines to consider defendant's federal question argument, which cannot be properly raised at this juncture.  See O'Halloran, 856 F.2d at 1381; Marsoobian v. Transamerica Life Ins. Co., No. 1:16-cv-1412 LJO MJS, 2016 WL 7173737, at *7 (E.D. Cal. Dec. 9, 2016); Wickens v. Blue Cross of Cal., Inc., No. 15-cv-834 GPC JMA, 2015 WL 4255129, at *2 (S.D. Cal. July 14, 2015).[2]

B.  Diversity Jurisdiction

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  There is a "strong presumption" against exercising removal jurisdiction when the amount in controversy is in question, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

The amount in controversy includes "all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails," Chavez. v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018), which may include "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees under

---

[2] Defendant's argument on federal question jurisdiction also fails on the merits.  Plaintiff asserts claims arising under a state statute that do not "seek[] purely to vindicate a right or duty created by the CBA itself" and do not present an "active dispute over the meaning of [the CBA's] terms."  See Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-21 (9th Cir. 2018), cert. denied 139 S. Ct. 1445 (2019) (internal quotation marks omitted).  Accordingly, the Labor Management Relations Act does not preempt plaintiff's PAGA claims.  See id.

3

fee shifting statutes," <u>Gonzalez v. CarMax Auto Superstores, LLC</u>, 840 F.3d 644, 648 (9th Cir. 2016).

"In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." <u>Chavez</u>, 888 F.3d at 416. When a plaintiff's state court complaint does not specify an amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." <u>Id.</u> (internal quotation marks omitted). A defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 89 (2014). However, conclusory allegations as to the amount in controversy are insufficient. See <u>Corral v. Select Portfolio Servicing, Inc.</u>, 878 F.3d 770, 774 (9th Cir. 2017).

Plaintiff disputes that the requisite amount in controversy has been met. Defendant argues that the amount in controversy is satisfied based on the penalties associated with plaintiff's claims and plaintiff's anticipated attorneys' fees. The court will address each in turn.

1. <u>Value of Plaintiff's Claims</u>

Defendant's notice of removal states that plaintiff alleges nine PAGA violations, for which plaintiff would be

4

entitled to penalties for the initial violation and for each subsequent violation.  Defendant states that during the PAGA period, running from May 28, 2021 to November 7, 2022 (the date of removal), there were 74 pay periods, and calculates plaintiff's penalties based on that assumption.  (See Notice of Removal (Docket No. 1) at 9.)  However, as plaintiff points out, plaintiff's final date of employment was June 3, 2021, and therefore plaintiff worked a maximum of two pay periods during the PAGA period.  (See Decl. of Gennea Moore (Docket No. 1-3) ¶ 4.)  Assuming defendant's figures of $1,050 in penalties for the initial violations and $2,700 in penalties for each subsequent pay period in which there were violations (see Notice of Removal at 9), plaintiff's total PAGA penalties are $6,450.[3]

Under PAGA, civil penalties recovered by aggrieved employees are distributed as follows: "75 percent to the Labor and Workforce Development Agency ["LWDA"] . . . and 25 percent to the aggrieved employees."  Cal. Lab. Code § 2699(i).  While there is a split among district courts on the issue, this court has previously held that the LWDA's portion of PAGA penalties is not to be considered when calculating the amount in controversy.  See Guerrero v. Nwestco, LLC, No. 2:22-cv-01620 WBS JDP, 2022 WL 16961124, at *2 (E.D. Cal. Nov. 16, 2022); Escobar v. Capstone Logistics, LLC, No. 2:20-cv-02501 WBS JDP, 2021 WL 913174, at *2-3 (E.D. Cal. Mar. 10, 2021).  In Urbino v. Orkin Services of California, Inc., 726 F.3d 1118 (9th Cir. 2013), the Ninth Circuit found that "[t]he state, as the real party in interest

---

[3]   This $6,450 figure results from $2,700 multiplied by two pay periods, plus $1,050.

1  [with respect to the LWDA's share of PAGA penalties], is not a
2  'citizen' for diversity purposes." See Escobar, 2021 WL 913174,
3  at *3 (quoting Urbino, 726 F.3d at 1122-23).  This language
4  "implies that . . . [the state]'s interest is not to be
5  considered."  Id. (quoting Hesselink v. Am. Fam. Life Assurance
6  Co. of Columbus, No. SACV-20-02051 CJC DFM, 2020 WL 7768711, at
7  *3 (C.D. Cal. Dec. 30, 2020)).  The LWDA's share of the PAGA
8  penalties associated with plaintiff's claims should therefore not
9  be included in calculating the amount in controversy.  See
10 Guerrero, 2022 WL 16961124, at *2; Escobar, 2021 WL 913174, at
11 *2-3.
12       Plaintiff's 25% share of the $6,450 in PAGA penalties
13 is $1,612.50.  To satisfy the $75,000 amount in controversy
14 requirement, defendant must therefore establish that plaintiff's
15 attorneys' fees are likely to exceed $73,378.50.
16       2.   Attorneys' Fees
17       "[W]here an underlying statute authorizes an award of
18 attorneys' fees, either with mandatory or discretionary language,
19 such fees may be included in the amount in controversy," Shoner
20 v. Carrier Corp., 30 F.4th 1144, 1148 (9th Cir. 2022) (citing
21 Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998),
22 including attorneys' fees incurred after the time of removal,
23 Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794
24 (9th Cir. 2018).  If plaintiff prevails on his PAGA claims, he
25 will be entitled to attorneys' fees as a matter of right.  See
26 Cal. Lab. Code § 2699.  Accordingly, the court may consider
27 attorneys' fees when assessing the amount in controversy here.
28       Only plaintiff's pro rata share of attorneys' fees is

6

1  appropriately considered.  In Gibson v. Chrysler Corp., the Ninth
2  Circuit addressed this issue in the context of attorneys' fees
3  sought under Cal. Civ. Proc. Code § 1021.5, which deals with
4  actions enforcing a right that affects the public interest.  See
5  261 F.3d 927, 942 (9th Cir. 2001), holding modified on other
6  grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S.
7  546 (2005).  The Gibson court found that an entire class's
8  anticipated attorneys' fees cannot be allocated to a named
9  plaintiff for purposes of satisfying the amount in controversy.
10 See id. at 941.  It based this finding on the language of the
11 authorizing statute, which provides that a court may award
12 attorneys' fees "to a successful party" rather than to a named or
13 representative party.  See id. at 942-43 (quoting Cal. Civ. Proc.
14 Code § 1021.5) (emphasis in original).

15       PAGA is analogous because it does not specify that only
16 a named or representative party is entitled to attorneys' fees.
17 See Cal. Lab. Code § 2699 ("[a]ny employee who prevails in any
18 action" is entitled to attorneys' fees).  Consistent with this
19 interpretation, the Ninth Circuit has indicated that the Gibson
20 rule applies in the PAGA context.  See Canela v. Costco Wholesale
21 Corp., 971 F.3d 845, 850 (9th Cir. 2020).  District courts,
22 including this court, have also applied Gibson to PAGA claims.
23 See, e.g., Guerrero, 2022 WL 16961124, at *2; Davenport v.
24 Wendy's Co., No. 2:13-cv-02159 GEB, 2013 WL 6859009, at *2 (E.D.
25 Cal. Dec. 24, 2013).

26       The court will therefore consider only plaintiff's pro-
27 rata share of anticipated attorneys' fees.  As a result,
28 defendant must establish that plaintiff's pro rata share of the

attorneys' fees is likely to exceed $73,378.50.

In cases involving a "common fund" that is distributed to class members, district courts can award attorneys' fees based on either a percentage of the total fund or a lodestar calculation that incorporates reasonable valuations of the hours expended and the hourly rate. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). "The reasonableness of attorneys' fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorneys' fees awards in similar cases." Garnett v. ADT LLC, 74 F. Supp. 3d 1332, 1337 (E.D. Cal. 2015) (Shubb, J.) (citing Garcia, 2014 WL 2468344, at *5; Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). In determining what constitutes a reasonable attorneys' fee, district courts may rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees." Oth Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).

Defendant states that there are more than 2,000 aggrieved employees included in this action. (Notice of Removal at 5.) For purposes of this inquiry, the court assumes that there are 2,000 aggrieved employees and allocates the attorneys' fees equally between them. Based on these assumptions, plaintiff's counsel would need to be awarded more than $146,757,000 as a "reasonable" attorneys' fee award.[4] See Buchanan v. Aramark Campus, LLC, No. 19-cv-00384 VKD, 2019 WL 3302164, at *7 (N.D. Cal. July 23, 2019) (applying similar

---

[4] This $146,757,000 figure results from $73,378.50 in attorneys' fees multiplied by 2,000 employees.

8

calculation in determining total requisite attorneys' fees based on plaintiff's pro rata share).  Defendant has provided no reason to believe that attorneys' fees in this unextraordinary PAGA action would reach such an absurdly high amount.

Accordingly, the court finds that defendant has not proven by a preponderance of the evidence that the $75,000 amount in controversy threshold is satisfied and has therefore failed to overcome the presumption in favor of remand.[5]

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 18) be, and the same hereby is, GRANTED.  This case is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

IT IS FURTHER ORDERED that defendant's motion to consolidate (Docket No. 15) is DENIED as moot.

Dated:  January 13, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[5] The court need not address plaintiff's argument that defendant's notice of removal was not timely filed as it would not alter the outcome.

9